BRUNOT, J.
 

 This is a suit to recover $2,-558, the sum paid by plaintiff, in principal and interest, as. part of the purchase price of 1,100 acres of land which defendants contracted to sell and plaintiff to buy. ' The land involved consists of two tracts, which are described in the contract and in paragraph 2 of plaintiff’s petition.
 

 The contracting parties were Numa Tireuit and Mrs. Ludger Tireuit, the defendants, and H. M. Hall, the plaintiff. Mrs. Ludger Tircuit died before citation was served upon her; her succession was not opened, and her heirs, if any, were not made parties to the suit, but plaintiff proceeded against Numa Tireuit alone. This defendant pleaded prematurity, and excepted to the petition upon the ground that it did not disclose a cause of action. The trial judge sustained this exception and dismissed plaintiff’s suit, and from this judgment plaintiff appealed.
 

 Paragraph 16 of the petition alleges that the document executed by plaintiff and defendants does not constitute a legal and valid agreement. We think that the contract is clear. It is an agreement on the part of defendants, on or before a fixed date, to sell I,100 acres of land in Pointe Coupee parish, consisting of two described tracts, for a fixed price and upon stated terms and conditions, .md, on the part of plaintiff, to buy the described lands for the price and upon the terms and conditions expressed in the agreement. These are the elements of a valid contract for purchase and sale.
 

 The learned judge of the district court found that defendants were not required by any provision of the contract to furnish plaintiff with an abstract of title to the lands they had agreed to sell to him, and that pri- or to bringing this suit plaintiff had not put defendants in default. Upon this finding of fact the judge applied the ruling in Cousin v. Schmidt, 143 La. 843, 79 So. 427, and followed that decision in sustaining the exception of no cause of action.
 

 For the reasons hereinafter stated, we do not think the ruling in Cousin v. Schmidt has such application to the facts of this case as
 
 *71
 
 will warrant us in considering it as controlling.
 

 It is true that defendants did not contract to furnish plaintiff with an abstract of title to the lands, but it is alleged in the petition that defendant did actually furnish plaintiff with a document'which purported to be such an abstract, and which abstract showed less than 300 acres' of land, and failed to show that this land had ever been severed from the public domain, or that either of the defendants had any title whatever to it, and therefore plaintiff made written demand on the defendants to locate and show title to the 1,100 acres purported to be owned by them, and which they had contracted to sell to plaintiff; that defendants neglected and refused to comply with said demand, and neglected and refused to locate or show title in themselves to any land whatsoever; that plaintiff’s attorney and defendant’s attorney made an examination of the records of Pointe Coupee parish, and neither of said attorneys could locate the 1,100 acres of land which was purported to be owned by defendants.
 

 In disposing of defendants’ exception, the allegations of'the petition must be considered as true, and, under these allegations, we do not think plaintiff was called upon to tender the balance of the purchase price and demand specific performance of the contract as' a prerequisite to the bringing of this suit. The weight of authority in- this country sustains the doctrine that tender is not necessary either where the vendor refuses to perform or is powerless to fully perform the agreement. Conner v. Baxter, 124 Iowa, 219, 99 N. W. 726; Delavan v. Duncan, 49 N. X. 485; Prothro v. Smith, 6 Rich. Eq. (S. C.) 324.
 

 Eor the reasons assigned, the judgment appealed from is avoided and reversed, and the case is remanded to the district court, to be proceeded with according to law and the views herein expressed; the costs of this appeal to be paid by defendants.