GARRISON, Judge.
This is an appeal from a judgment of the First City Court granting plaintiff’s demand for $1,952.00 plus 7% interest from November 29,1977 until paid, together with 25% attorney’s fees and costs. The case arose out of a suit on an open account brought by Dyna International to collect payment on the following equipment sold to the defendant:
6 #2 Hot Food Wells .$660.00
4 Paper Cup Dispensers . 192.00
1 Dyna - Metric Vent Hood .. . . . . 1,100,00
$1,95T.00
Defendant purchased the equipment in order to outfit a restaurant known as “Frenchy’s” located at 3230 Magazine Street in New Orleans. The terms of the sale specified that defendant should present a sight draft upon delivery. Through a clerical error on plaintiff’s part, the merchandise was delivered on open account. The delivery date and invoice date of the food wells and paper cup dispensers is November 10,1977. The vent hood was placed on “back order” and was delivered and invoiced to the defendant on November 29, 1977. On April 24, 1978, plaintiff sent a demand letter to the defendant. Defendant did not make any payments on any of the merchandise. On June 15, 1978, plaintiff filed suit. After full trial on the merits, the district court rendered judgment as stated above, and from that judgment, which we amend and affirm, defendant appealed.
On appeal, defendant argues that the trial court erred in granting judgment against him where there existed an error as to the thing which was the subject of the sale and *1082 where no privity of contract existed between plaintiff and defendant. Additionally, defendant argues that the trial court erred in awarding interest from the delivery date and in awarding attorney’s fees.
I ERROR AS TO THE THING
Defendant, by way of a reconven-tional demand sued for $2,000.00 in damages as a result of a loss allegedly incurred by him as a result of the vent hood. He argued that the vent hood failed to conform to the standards required by the City of New Orleans and for that reason he was denied a permit. The permit denial resulted in a later opening date and loss of profits. Additionally, he incurred the costs of modifying the hood in order that it would conform to the requisite standards.
We find, as did the court, that no error as to the thing exists. Mr. Mashburn was presented with a choice of two hoods, an inexpensive hood which did not conform to local standards and an expensive hood which did conform to local standards. He chose the inexpensive vent hood and got the thing that he bargained for. Hence, we cannot conclude that the trial court was manifestly erroneous in this factual determination. Arceneaux v. Domingue, 365 So.2d 1330 (1978). We note that Mr. Mash-burn raised no defenses to the sale of the hot food wells or paper cup dispensers.
II LACK OF PRIVITY
Defendant argues that there exists no privity between himself and Dyna International, that he dealt solely with Slidell Equipment Company, and that he did not pay Dyna International because he believed the money was owed to Slidell Equipment Co. We note that Slidell Equipment Co. acts only as an order-taker for Dyna. Sli-dell Equipment Co. did not have in its purchased inventory a stock of Dyna vent hoods. If Mr. Mashburn was confused as to the identity of the seller, that confusion should have been clarified upon the first delivery on November 11, 1977, when he received Dyna’s invoice and written sales contract. We note that no payments were made to Slidell Equipment Co.
III LEGAL INTEREST
Dyna International’s sales agreement provided for payment within 30 days and conventional interest at the rate of IV2 per month on past due accounts. Dyna neither made demand for nor sued for that amount. Accordingly, we conclude that the trial court erred in awarding legal interest from the delivery date of the vent instead of the date of judicial demand. C.C. Art. 2924 and 1940. We note that Act No. 402, Regular Session of 1980 raised the rate of interest to 10% per annum, effective September 12, 1980.
IV ATTORNEY’S FEE
R.S. 9:2781 provides as follows:
“When any person fails to pay an open account within thirty days after receipt of written demand therefor correctly setting forth the amount owed and a copy of the invoices in support thereof, that person shall be liable for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant...”
In the instant appeal, a demand letter dated April 24, 1978 is contained in the record. The letter correctly states the amount owed and invoices were enclosed therewith. The record also contains a registered mail return receipt bearing Mr. Mashburn’s signature. As defendants have complied with the statute, they are entitled to an award of attorneys’ fees. The trial judge awarded 25% attorneys’ fees. We find this to be a “reasonable attorney fee” within the context of the statute and cannot conclude that the trial judge abused his discretion in awarding this amount.
For the reasons discussed, the judgment of the district court is amended as follows, and as amended is affirmed:
IT IS ORDERED, ADJUDGED AND DECREED that:
1. On the principal demand, there be judgment in favor of Dyna International Corp. and against Michael Mashburn in the sum of $1,952.00, plus judicial interest thereon at the rate of 7% per annum from April 24, 1978 through September *1083 11, 1980 and at the rate of 10% per an-num from September 12, 1980, until paid, together with 25% attorney’s fee on the amount of principal and interest due, and all costs of these proceedings; and
2. On the reconventional and third party demands, that there be judgment in favor of Dyna International Corp. and Jude A. Sutton, and against Michael Mashburn, dismissing both such demands, with costs to be paid by Mr. Mashburn.

AMENDED AND, AS AMENDED, AFFIRMED.