434 So.2d 1207 (1983)
METROPOLIS, INC.
v.
Rose Mae Richards HANSON.
No. 82 CA 0960.
Court of Appeal of Louisiana, First Circuit.
June 28, 1983.
*1208 Robert L. Rayborn, Baton Rouge, for appellant (plaintiff).
Randall A. Shipp, Baton Rouge, for appellee (defendant).
Before LOTTINGER, COLE and CARTER, JJ.
LOTTINGER, Judge.
This appeal arises from a suit to collect unpaid legal fees. Metropolis, Inc., assignee of Robert L. Raborn, Esq., filed suit against Rosa Mae Richards Hanson for balances owed on amounts charged by Mr. Raborn for his representation of Mrs. Hanson in a divorce suit and a suit to rescind a community property settlement. From judgment of the trial court in favor of Mrs. Hanson, plaintiff has appealed.

FACTS
Mrs. Hanson first contacted Mr. Raborn to solicit his services on October 27, 1981, in connection with a rule nisi filed in the Family Court of East Baton Rouge Parish concerning child custody, child support and alimony. Mr. Raborn represented Mrs. Hanson during this rule for a lump sum fee plus expenses. This fee was paid and Mr. Raborn closed Mrs. Hanson's file.
On November 17, 1981, the attorney representing Mrs. Hanson's former husband mailed to Mr. Raborn a petition in a suit to rescind the community property settlement previously executed between Mrs. Hanson and her husband. Mr. Raborn notified Mrs. Hanson, who solicited his services. Mr. Raborn purportedly agreed to represent Mrs. Hanson only if she would pay him $1,000.00 in advance and $60.00 per hour, in addition to paying all expenses. Mrs. Hanson signed an "Attorney Retainer Agreement" in accordance with these terms.
Subsequently, on January 9, 1982, Mrs. Hanson was served with a suit for divorce in the Family Court. Mr. Raborn agreed to represent her in this suit on the same terms as the partition suit.
Time and expenses in the partition suit totalled $1,378.40 as of February 20, 1982. Mrs. Hanson had previously paid the $1,000.00 "retainer" in two $500.00 installments; thus, the balance allegedly owed on the partition suit was $378.40. Time and expenses incurred in the divorce suit were $443.70. Thus, when the account(s) were subsequently assigned to Metropolis, Inc. for collection, the total allegedly owed, which total appears in plaintiff's "Sworn Statement of Account," was $822.10. Mr. Raborn made a formal demand for payment of this amount on April 1, 1982.

TRIAL COURT
Mr. Raborn assigned his claim to Metropolis, Inc. and suit was filed on June 14, 1982. On July 20, 1982, a default judgment was signed in favor of plaintiff, awarding the principal sum of $822.10 together with legal interest from date of judicial demand, and taxing as costs attorney's fees of twenty-five percent of the principal and interest. However, on motion of the defendant, the trial court granted a new trial, set for September 16, 1982.
On September 8, 1982, plaintiff filed written interrogatories, answers to which were not filed until the commencement of trial. At that time defendant also filed a general denial answer. Following a trial on the merits, in which the testimony of Mr. *1209 Raborn and Mrs. Hanson was the only non-documentary evidence adduced, the trial judge ruled that plaintiff failed to meet its burden of proof. Judgment was rendered accordingly in favor of defendant, dismissing plaintiff's suit at its costs. This devolutive appeal followed.

SPECIFICATIONS OF ERROR
Plaintiff-appellant, Metropolis, Inc., assigns the following specifications of error:
1. The trial court erred in granting a new trial in this matter, thus vacating and setting aside a valid default judgment previously signed by the court.
2. The trial court erred rendering judgment in favor of defendant and dismissing plaintiff's suit after trial on the merits.
3. The trial court erred in refusing to allow plaintiff's attorney to testify as to time and effort spent by him in prosecuting this suit for open account before the court.
4. The trial court erred in allowing the defendant to use answers in his written interrogatories as "affirmative defenses."

PREPONDERANCE OF THE EVIDENCE
At trial, plaintiff introduced into evidence the written contract between Mr. Raborn and Mrs. Hanson, which provided for an initial payment of $1,000.00 and an hourly fee of $60.00 per hour. Mr. Raborn testified that the $1,000.00 was more in the nature of an advance than a retainer, in that if the services rendered to Mrs. Hanson did not reach $1,000.00, Mr. Raborn would return the surplus. In the written contract, a clause stating the $1,000.00 was non-refundable was marked out; however, a clause stating the $1,000.00 became the property of the attorney was left intact. Mr. Raborn testified, both on direct examination and in rebuttal, that he clearly explained to Mrs. Hanson that he would not take her case unless she promised to pay him $60.00 per hour plus expenses. He also testified that he insisted she advance him $1,000.00, and that this sum was paid in two $500.00 installments subsequent to signing the written contract. Although the written contract was signed only with regard to the partition suit, Mr. Raborn testified that Mrs. Hanson agreed to pay him on the same basis for his work in the divorce action. Mrs. Hanson did not controvert this particular statement.
However, Mrs. Hanson did have a different appreciation of her contract with Mr. Raborn. Her only testimony was to the effect, "that he would handle my case and once we reached the thousand dollar payment that I had given him, he would notify me because he knew that I was ... limited funds." Mrs. Hanson testified that she was not so notified. Thus, defendant argues that the agreement was that her total bill would not exceed $1,000.00, unless she was notified of and assented to additional services and billings, and that since she was not so notified, she is not responsible for charges in excess of $1,000.00.
In ruling for the defendant, the trial court held that plaintiff had not met its burden of proof. We do not agree.
The written contract clearly states that Mr. Raborn was to receive $60.00 per hour for his services. The only ambiguity in the written contract involves whether the $1,000.00 to be paid "up front" was a retainer fee or merely an advance. The provision of the contract testified to by Mrs. Hanson, i.e. that she be notified when her bill reached $1,000.00, is not present in the written contract, and the burden of proving same rests with Mrs. Hanson. Liberto v. Villard, 386 So.2d 930 (La.App. 3rd Cir. 1980).
Ordinarily, this proof would depend on a credibility determination by the trier of fact, and it is obvious from the decision rendered below that the trial court found Mrs. Hanson's testimony as to the nature of the agreement more credible. Documentary evidence in the record, however, preponderates otherwise.
On February 20, 1982, Mr. Raborn sent Mrs. Hanson a letter detailing the charges incurred to that point, which are of *1210 the same amount as those demanded in this suit. Thus, as of February 20, 1982, Mrs. Hanson was put on notice that Mr. Raborn expected to be paid $60.00 per hour without regard to a $1,000.00 ceiling. In other words, Mrs. Hanson was alerted at that time that Mr. Raborn's appreciation of their agreement was not the same as her own. She was also made aware that Mr. Raborn had exceeded the alleged $1,000.00 ceiling without giving her notice of so doing. Nonetheless, the time and expense sheets of Mr. Raborn introduced into evidence reveal that Mr. Raborn continued to perform services for Mrs. Hanson, at her request, subsequent to February 20, 1982, and that the two corresponded by telephone repeatedly with regard to the partition suit. This documentary evidence corroborates strongly the testimony of Mr. Raborn as to the terms of the agreement.
Moreover, even were we to accept Mrs. Hanson's testimony at face value, her continued solicitation of and acquiescence in Mr. Raborn's services subsequent to February 20, 1982, is tantamount to a ratification of an alteration in the contract. Thus, because Mrs. Hanson solicited and acquiesced in Mr. Raborn's continued representation of her, she is estopped from denying his right to recover fees in excess of $1,000.00 even if such a ceiling was a part of the original agreement. The fact that plaintiff has not pleaded estoppel in its petition would not prevent its application herein, inasmuch as all allegations in the answer are open to every objection of law and fact, including estoppel, as if specifically pleaded. La.Code Civ.P. art. 852, Humphries v. Puritan Life Insurance Company, 311 So.2d 534 (La.App. 3rd Cir.1975); G.J. Deville Lumber Company, Inc. v. Chatelain, 308 So.2d 428 (La.App. 3rd Cir.1975), writ den. 313 So.2d 239 (La. 1975); Liberal Finance Gentilly, Inc. v. Brister, 152 So.2d 331 (La.App. 1st Cir. 1963). Contra: Norvell v. Crichton, 150 So.2d 621 (La.App. 4th Cir.1963).
We therefore find that the trial court committed manifest error in finding for the defendant, since the law and the weight of the evidence preponderates in favor of plaintiff. We further find that the meager evidence offered by defendant does not suffice to prove any of the affirmative defenses asserted, noting that the trial court did not render judgment on the basis of the affirmative defenses.

ATTORNEY'S FEES
At trial, Mr. Raborn testified, without objection, that he spent "probably ten to twelve hours" prosecuting the instant suit as the attorney for plaintiff. This evidentiary offering suffices in an award of attorney fees to plaintiff.
The question which remains, however, is whether plaintiff is entitled to attorney fees. La.R.S. 9:2781, which provides for an award of "reasonable attorney fees" incurred in connection with the successful prosecution of a suit on an open account, was amended by Acts 1981, No. 463 to provide that an "open account" shall include debts incurred for professional services, including, but not limited to, legal and medical services, which are rendered on a continuing basis. We have held that Mr. Raborn's services were to be compensated on an hourly basis; thus, as Mr. Raborn's assignee, plaintiff is entitled to receive reasonable attorney's fees under La.R.S. 9:2781, inasmuch as the procedures in this statute were complied with.
The contention of defendant that the agreement between Mr. Raborn and herself was entered into prior to the 1981 amendment to La.R.S. 9:2781 is erroneous. The effective date of Act 463 of 1981 was September 11, 1981. The written contract between Mr. Raborn and Mrs. Hanson, drawn up with regard to the partition suit, was signed November 21, 1981. The oral agreement made with regard to the divorce proceeding was reached in January of 1982.
Mr. Raborn testified that he spent ten to twelve hours prosecuting the instant suit on behalf of plaintiff. The record further shows Mr. Raborn charged the defendant $60.00 per hour. We decline to utilize these figures in determining plaintiff's attorney fees, noting that to do so would cause an award of attorney's fees almost as large as the principal and interest owed. Thus, we award plaintiff the more reasonable attorney *1211 fees of twenty-five percent of the principal and interest owed. See Dyna International Corporation v. Mashburn, 397 So.2d 1080 (La.App. 4th Cir.1981).
Additionally, since prayed for by plaintiff, we fix and award plaintiff $250.00 as reasonable attorney fees for the prosecution of this appeal. See Franklin Printing Company, Inc. v. Scott Fence of New Orleans, Inc., 392 So.2d 170 (La.App. 4th Cir. 1980), writ den. 397 So.2d 805 (La.1981).
Considering the result reached by this court, we pretermit discussion of the other assignments of error.

DECREE
Therefore, for the above and foregoing reasons, the judgment of the trial court in favor of defendant, dismissing plaintiff's suit at its costs, is hereby reversed. There is now judgment in favor of plaintiff-appellant, Metropolis, Inc., and against defendant appellee, Rosa Mae Richards Hanson, in the full amount of EIGHT HUNDRED TWENTY-TWO and TEN/100ths ($822.10) DOLLARS, plus legal interest from date of judicial demand, with an additional amount of twenty-five percent of the principal and interest owed, as reasonable attorney fees in the trial court, and the amount of TWO HUNDRED FIFTY and NO/100ths ($250.00) DOLLARS, as reasonable attorney fees in this court. All costs, both in this court and in the trial court, are assessed to defendant-appellee, Rosa Mae Richards Hanson.
REVERSED AND RENDERED.