521 So.2d 730 (1988)
Cynthia Pahal SIMS, Individually & dba Whittle Hair Designs, Appellant,
v.
Cynthia L. HAYS, Appellee.
No. 19,316-CA.
Court of Appeal of Louisiana, Second Circuit.
February 24, 1988.
*731 Smith & Hingle by Gilmer P. Hingle, Monroe, for appellant.
Blackwell, Chambliss, Hobbs & Henry by Larry Arbour, West Monroe, for appellee.
Before MARVIN, SEXTON and NORRIS, JJ.
*732 NORRIS, Judge.
This is a suit for sums due over a dissolved partnership. When the plaintiff, who had bought defendant's interest, brought this suit, the defendant reconvened on the promissory note with which plaintiff had paid for the sale of interest. In her original petition, the plaintiff had admitted owing the principal on the note and placed in the court registry a sum sufficient to cover that amount. Later, the defendant moved for summary judgment on the note; the trial court granted this. The plaintiff appeals, urging that summary judgment was improper because of the defense of compensation, and that even if summary judgment was proper, the award of interest and attorney fees was improper because the principal of the debt had been placed in court registry. The defendant has answered the appeal, claiming the award of interest and attorney fees was inadequate. For the reasons expressed, we amend and affirm.
The parties, Cynthia Sims and Cynthia Hays, used to run a beauty salon as a partnership called Whittle Hair Designs in Monroe. According to Sims, both parties were to share equally in the profits, but Sims discovered that Hays, who usually handled the checking account, was withdrawing more than her share and using the partnership account to pay personal debts. The ensuing dispute could not be resolved so they terminated the partnership.
By a written agreement of dissolution, Sims purchased Hays's interest in the partnership for a consideration of $4,000, giving Hays an unconditional promissory note in that amount even though she reserved the right to an accounting of the partnership business. The note, executed on September 2, 1986, was due in 30 days, stated an interest rate of ten percent from maturity until paid, and provided for 25% attorney fees.
Exactly 30 days later, Sims sued Hays for $6,600.31 claiming Hays had taken that much more than her share before the partnership was dissolved. Sims acknowledged her indebtedness on the note, but claimed it would be subject to credit, compensation or set-off from the accounting debt. Nevertheless, out of an "abundance of caution," she placed $4,000 in the court registry in an effort to preclude liability for interest, attorney fees and costs due under the terms of the note.
Hays answered with denials, claiming that all her withdrawals from the partnership checking account were promptly reimbursed. She also reconvened on the $4,000 note, claiming that it was past due and owing, together with other sums allegedly due from the partnership. In March 1987, Hays moved for summary judgment on the $4,000 note. In support, she filed an affidavit stating she was the holder of the note, that it was due and unpaid, and that she had hired an attorney to collect it. She also filed her attorney's affidavit outlining the work he had done to date for the collection. She argued that Sims's claim for accounting was not liquidated and could not be set off against the unconditional debt on the note. In opposition, Sims filed affidavits of herself and her attorney admitting she owed the note but contending that Hays owed her $6,600.31 and that this debt should compensate her own. Sims offered nearly 70 pages of copies of checks and deposit slips that allegedly showed Hays taking for herself $6,600.31 of the partnership's assets.
After oral arguments, the district court granted Hays's motion for summary judgment. He imposed interest from April 13, 1987 (the date on which summary judgment was granted) and attorney fees of $500 (12½% of the principal). From this judgment, the parties have perfected their appeals.

Issue 1: Summary Judgment
By three of her four assignments of error, Sims claims the trial court erred in granting summary judgment because compensation extinguished the admitted debt due on the note or there was a genuine issue of material fact as to the applicability of compensation as a defense. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, and admissions on file, together with *733 the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
Compensation is a means of extinguishing obligations. It takes place by operation of law when two people owe to each other sums of money or quantities of fungible things identical in kind, and these sums or quantities are liquidated and presently due. LSA-C.C. art. 1893. Compensation takes place regardless of the sources of the obligations. LSA-C.C. art. 1984. Sims argues that this case is a clear example of legal compensation.
We agree that this case meets some of the criteria for compensation. There is a mutuality of obligors. Edwards v. Max Thieme Chevrolet Co., 191 So. 569 (La.App. 2d Cir.1938), writ denied (not reported); U.S. Fidelity & Guar. Co. v. Southern Excavation, 480 So.2d 920 (La. App. 2d Cir.1985), writ denied 481 So.2d 1337, 1339 (La.1986). Both debts are for a sum of money. C.C. art. 1893; 4 Aubry & Rau, Cours de droit civil francais § 326 (6th ed. 1965). However, in one crucial respect, the instant case does not meet the criteria for compensation. The debts are not equally liquidated. The jurisprudence offers various explanations of a "liquidated" claim. A claim is liquidated when its correctness is admitted by the debtor. Reynaud v. His Creditors, 4 Rob. 514 (1843). A claim is liquidated when the debt is for an amount capable of ascertainment by mere calculation in accordance with accepted legal standards. Olinde Hardware & Supply v. Ramsey, 98 So.2d 835 (La. App. 1st Cir.1957); Coburn v. Comm'l Nat'l Bank, 453 So.2d 597 (La.App. 2d Cir.1984), writ denied 457 So.2d 681 (La. 1984). Aubry and Rau define a liquid debt as one whose existence is certain and its quantity determined. They elaborate:
A disputed debt is not liquid and cannot be admitted as susceptible of compensation unless, the one who asserts compensation has in hand the proof of the existence of the disputed debt and is thus in a position to prove it promptly. Aubry and Rau, ibid.
In CDT Inc. v. Greener & Sumner Architects, 453 So.2d 1252 (La.App. 3d Cir. 1984), the plaintiff, who had provided the services specified in a contract, sued for the money due under the contract. The defendant admitted the existence of the contract, the plaintiff's satisfactory performance and its own failure to perform. The defendant raised the defense of compensation, referring to an unrelated lawsuit that defendant had pending against plaintiff. Plaintiff moved for summary judgment. The trial court granted the motion and the court of appeal affirmed. It held:
Here the debt defendant owes to plaintiff has been admitted; however, the plaintiff denies liability as to the alleged debt claimed by the defendant. These two obligations are clearly not "equally liquidated and demandable." 453 So.2d at 1255.
See also American Bank & Trust Co. v. Carson Homes Inc., 344 So.2d 456 (La.App. 2d Cir.1977), writ denied 346 So.2d 221 (La. 1977).
This line of reasoning, together with the definitions of a "liquidated debt" and the commentary of Aubry and Rau, apply to the instant case. Hays is the payee on a note for a debt that Sims has admitted, even though she could have urged personal defenses. LSA-R.S. 10:3-306. She is therefore the obligee of an obligation to pay a sum of money that is liquidated and presently due. By contrast, Sims is the obligee of an obligation that has been seriously contested. Admittedly, she has in hand some evidence of the debt, but it is not so certain as to amount to proof of the debt. Some of the items are dubious at best; checks made out to Wal-Mart (No. 365) or to Quick Print (No. 379), for instance, might have been in part for merchandise or services used by the partnership. For each check and deposit slip, the debtor is entitled to show, as Hays contends, that she reimbursed the partnership. Proving the total debt could be a long and laborious process; thus it is not by any argument a "liquidated" debt. Since the pleadings themselves contest the debt that Hays allegedly owes to Sims, the debt is *734 not liquidated and there is no genuine issue as to this fact. Thus as a matter of law, compensation is not applicable as a defense to the note and mover is entitled to a summary judgment.
Although Sims does not raise the issue on appeal, we have considered whether Hays's answer to the appeal contesting the reasonableness of the amount of attorney fee awarded by the court implicitly creates an issue of material fact sufficient to defeat the summary judgment.
Courts may inquire into the reasonableness of an attorney's fee stipulated in a note in spite of the provisions of Civil Code art. 2000. Central Progressive Bank v. Bradley, 502 So.2d 1017 (La.1987); Scott v. Noel, 506 So.2d 1313 (La.App. 2d Cir. 1987). In the instant case, the trial court, on its own motion, inquired into the reasonableness of the 25% attorney fees called for in the note. The opponent did not counter the mover's attorney's affidavit outlining the services he rendered in connection with the collection of the note. The opponent has not disputed the extent of the mover's attorney's services nor contended that the 25% attorney fee provision was unreasonable. By arguing compensation and the deposit in court registry, the opponent has disputed only mover's legal right to collect attorney fees at all under the note. The law is clear that under these circumstances, attorney fees are due and owing. Caldwell v. Trans-Gulf Pet. Corp., 311 So.2d 80 (La.App.2d Cir.1975), aff'd 322 So.2d 171 (La.1975). Summary judgment is not defeated in this situation where the opponent failed to contradict or contest services rendered, did not raise the factual issue of reasonableness of the contracted fee, attorney fees were clearly due as a matter of law, and the trial court on its own motion, after granting summary judgment, found the contractual fee unreasonable and reduced it.
The mere possibility that an opponent could raise a factual issue does not defeat summary judgment if he does not in fact raise it. Efferson v. Link Belt Corp., 476 So.2d 528 (La.App. 1st Cir.1985). The only issue is whether the trial court abused its great discretion in awarding a fee of $500, and this is discussed under Issue 3, infra.

Issue 2: Suspension of interest and costs
By her second assignment of error, Sims argues that interest and costs should not have been assessed on the note because she placed the principal in the court registry.[1] Admitting it had no authority, the trial court awarded the contractual interest only from the date of summary judgment. Hays, in her answer to appeal, argues that interest should have been awarded from the date of maturity of the note, as specified; she claims that Sims's attempted "tender and deposit" should have no effect of suspending interest.
When a creditor refuses to accept performance, the debtor may place the money in the court registry, thereby producing all the effects of a performance from the time the tender was made, if declared valid by the court. LSA-C.C. art. 1869; Woodard v. George Cole Chevrolet, 468 So.2d 608 (La.App. 2d Cir.1985), writ denied 470 So.2d 881 (La.1985). The effect of a valid tender and deposit would be, as Sims sought, to end the accrual of interest and costs. Canada v. Myers, 511 So.2d 1223 (La.App. 2d Cir.1987), writ denied 514 So.2d 1181 (La.1987).
We have closely examined the record to determine whether Sims's deposit into court registry was a valid tender and deposit as contemplated by the civil code. A separate act of tender need not precede the deposit. Hall v. Tircuit, 160 La. 68, 106 So. 677 (1926); cf. Jones v. Smalley, 5 La. 28 (1832). However, in order for the deposit to qualify as a valid tender, it must be unconditional. Schramm v. Toye Bros. Yellow Cab Co., 169 So. 116 (1936), amended on rehearing 170 So. 44 (Orl.La.App. 1936); Pichauffe v. Naquin, 241 So.2d 574 *735 (La.App. 1st Cir.1970). The supreme court has stated the requirements of a valid tender:
In order to make a valid tender the money must be placed in the power of the adverse party. If paid into court, it must be with the intention on the part of the debtor that the creditor shall be at liberty to take it out of court. Succ. of O'Keefe, 12 La.Ann. 246 (1857), at 247.
Sims's petition admits that her liability on the note is liquidated. However, it does not seek to place the $4,000 at Hays's disposal. Rather, the attempted tender is conditioned on the outcome of her principal demand for sums due and an application of the law of compensation. Her admitted purpose was to suspend the running of interest and costs, although her action necessitated Hays's use of an attorney to collect the note. This does not make for a valid tender and deposit. Canada v. Myers, supra; Succ. of O'Keefe, supra. Consequently the effects of tender and deposit cannot be claimed, such as the suspension of interest and costs. LSA-C.C. art. 1869; Pichauffe v. Naquin, supra; United Novelty Co. v. Salemi, 68 So.2d 808 (La.App. 2d Cir.1953). The proper resolution would have been to award Hays the interest provided on the note, from the date of maturity until paid. LSA-C.C. arts. 1983, 2000. The trial court was in error to assess interest from the later date, and the judgment will be amended accordingly.

Issue 3: Attorney fees
In her answer to appeal, Hays contests the trial court's award of $500 attorney fees on a note that provided for fees of 25% of the principal and interest due. This would have placed the contractual fee in excess of $1,000. The supreme court has recently reaffirmed the authority of courts to regulate the practice of law, and the review of attorney fees is a legitimate exercise of this power. Leenerts Farms v. Rogers, 421 So.2d 216 (La.1982); Central Progressive Bank v. Bradley, supra; LSA-Const. art. 5 § 5(B). The trial court was not in error to question on its own motion the reasonableness of the contractual provision for this attorney fee and properly exercised its power in resetting the fee.
The reasonableness of an attorney fee is within the great discretion of the trial court. Greer v. Ouachita Coca-Cola Bottling Co., 420 So.2d 540 (La.App. 2d Cir.1982). In City Bank & Trust v. Hardage Corp., 449 So.2d 1181 (La.App. 2d Cir. 1984) this court announced that it would follow the guidelines of the Code of Professional Responsibility, DR 2-106, in evaluating the reasonableness of a fee. These guidelines are identical to those of the new Model Rules of Professional Conduct, Rule 1.5.[2] Applying these guidelines to this case, we do not find that the award of $500 is truly inadequate for the work of securing the summary judgment. Admittedly, Hays's attorney has performed many duties in connection with this lawsuit, especially legal research, all of which is outlined in his affidavit; but some of these services were concerned with Hays's posture as a defendant and not with the collection of the note. Only the services connected with the motion for summary judgment should be considered, and in this light the *736 trial court's award, though low, is within the discretionary range.
In the answer to appeal and in brief, Hays's attorney has also requested attorney fees for prosecuting this appeal. He had to answer the appeal because of the trial court's ruling on the interest; he prevailed. Considering the fact that he timely answered Sims's appeal, went to considerable effort in briefing and arguing, and ultimately prevailed, he is entitled to an additional fee for his work in this court. Sealy (Pines Road) v. Physicians & Surgeons Hosp., 480 So.2d 832 (La.App. 2d Cir.1985), writ denied 483 So.2d 1024 (La.1986); Metropolis Inc. v. Hanson, 434 So.2d 1207 (La.App. 1st Cir.1983). A fee of $500 would reasonably compensate him for this, and the total of $1,000 does not exceed the contractual fee. The judgment will be amended accordingly.
For the reasons expressed, the judgment is amended to read as follows:
IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Summary Judgment be rendered in favor of CYNTHIA L. HAYS, and against CYNTHIA PAHAL SIMS for the full sum of FOUR THOUSAND AND NO/100 ($4,000.00) DOLLARS, together with interest of ten percent (10%) per annum thereon from October 2, 1986, until paid, together with FIVE HUNDRED AND NO/100 ($500.00) DOLLARS attorney fees and all costs incurred regarding the Motion for Summary Judgment in the trial court; and FIVE HUNDRED AND NO/100 ($500.00) DOLLARS for reasonable attorney fees on appeal.
The judgment is otherwise affirmed. Costs of appeal are assessed to appellant, Cynthia Pahal Sims, individually and doing business as Whittle Hair Designs.
AMENDED AND AFFIRMED.
NOTES
[1] This assignment of error also mentions attorney fees, but we will discuss the matter under Issue 3, infra.
[2] Model Rules of Professional Conduct, adopted by the Louisiana Supreme Court effective January 1, 1987, provide as follows:

Rule 1.5. Fees
(a) A lawyer's fee shall be reasonable. The factors to be considered in determining the reasonableness of a fee include the following:
(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
(3) the fee customarily charged in the locality for similar legal services;
(4) the amount involved and the results obtained;
(5) the time limitations imposed by the client or by the circumstances;
(6) the nature and length of the professional relationship with the client;
(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
(8) whether the fee is fixed or contingent.
* * * * * *