WILLIAMS, Judge.
In this case, we are called upon to decide which defendant spouse is liable under a contract that was executed in the interim between the filing of a petition for separation and the judgment of separation, where said contract purported to bind the wife but was signed only by the husband. For the reasons assigned herein, we hold that the husband is liable for payment under the contract and affirm the judgment of the trial court.
Defendants, Shelly Ford Ward and Joseph R. Ward, Jr., were married on May 1, 1982. Two children were born of that marriage. On December 30, 1987 Ms. Ward filed a petition for separation, on January 1, 1988 Mr. Ward moved out of the family residence, and on July 20, 1988, the judgment of separation was rendered.
Shortly thereafter, Ms. Ward contacted plaintiff, Certified Security Systems, Inc. (Certified) and inquired about installing a security system in the Ward house. Certified was informed that the Wards were separated and knew that Mr. Ward was no longer residing in the house. On January 9, 1988, Certified drafted a proposed contract for the installation and maintenance of a security system in the residence then occupied by Ms. Ward and the children. Charles Palmer, the sales representative for Certified, left the document with Ms. Ward to be signed. Days later, at the direction of Ms. Ward, Palmer picked up the contract from Mr. Ward’s office. The contract was signed at the bottom by Mr. Ward. Shortly thereafter, the system was installed.[1]
The contract contains the following language:
This agreement made ... between CERTIFIED SECURITY SYSTEMS, INC., hereinafter called “Certified,” and _hereinafter called “Subscriber” WITNESSETH: That for the considerations and covenants hereinafter specified below, ... the parties do, for themselves, their successors and assigns mutually agree:
I. Certified agrees to install and maintain ..., in premises located at _ ... (hereinafter referred to as Subscriber’s premises), Central Station Burglar Alarm Systems, ...
II. Subscriber agrees to pay the contractor:
a) $2995.00 for the installation of the system,....
b) $22.00 per month for ongoing monitoring and/or service.
[[Image here]]
“Ms. Shelly Ward” was printed in the space provided for identification of the subscriber, and the address of the Ward residence was listed as the subscriber’s premises.
The signature lines appear at the bottom of the contract:
[[Image here]]
*499 The Certified sales representative signed for Certified on the appropriate line. Mr. Ward signed on the line underneath that provided for the subscriber, which begins “By.” On the line captioned “Title,” Mr. Ward wrote “owner.” The signature line captioned “subscriber” was left blank.
After installation of the system, Ms. Ward paid the monthly monitoring charges, but neither defendant paid the $2995.00 installation fee. As a result, Certified instituted this suit. The trial court dismissed Certified’s claim against defendant Shelly Ward, but entered judgment in favor of Certified and against defendant Joseph Ward in the amount of $2995.00, plus $750.00 attorney fees, plus interest and costs.
Mr. Ward filed this appeal, assigning as error the trial court’s finding that he was liable under the contract. Certified appealed the judgment insofar as it dismissed Certified’s claim against Ms. Ward. Certified also filed an answer to Mr. Ward’s appeal and requested an increase in attorney fees.

Liability

In his appeal, Mr. Ward contends that he is not bound by his signature on the contract because the document clearly states that the agreement is between Certified and the subscriber, Ms. Ward, and that Ms. Ward is the party obligated to pay. Mr. Ward states that he signed the document only in his capacity as co-owner of the premises so as to allow installation of the system, but argues that the obligation is a separate obligation incurred by Ms. Ward. This claim is without merit.
Mr. Ward signed the contract on the line designated “By.” Having signed the doc-umen t, Mr. Ward incurred the obligation stated therein. See Bohm v. CIT Financial Services, Inc., 348 So.2d 132 (La.App. 1st Cir.1977), writ den. 350 So.2d 673 (La.1977). Accordingly, the trial court was correct in finding that Mr. Ward is liable under the contract.
Moreover, Mr. Ward signed the contract within days of January 8, 1988. Because the judgment of separation, rendered July 20, 1988, was retroactive to the date the petition for separation was filed, December 30, 1987, the debt was incurred after termination of the community. LSA-C.C. art. 155;[2] Humble Oil & Refining Co. v. Doughty, 254 So.2d 313, 315 (La.App. 4th Cir.1971); Shel-Boze, Inc. v. Melton, 509 So.2d 106, 109 (La.App. 1st Cir.1987).
Mr. Ward had no authority to bind Ms. Ward. Indeed, Mr. Ward acknowledges that he did not intend to bind Ms. Ward, but argues that she is nevertheless bound under the terms of the agreement naming her as the subscriber. We disagree. Ms. Ward did not sign the contract and cannot be held liable for payment.[3]
In its appeal, Certified contends that the trial court erred in dismissing Ms. Ward since the obligation was a community obligation incurred for the benefit of both spouses in the interim between filing of the petition for separation and the judgment of separation. Certified argues that the retroactive effect of the judgment of separation shall not be to the prejudice of Certified’s validly acquired rights in this community debt under LSA-C.C. art. 155. This claim is without merit.
The provision of LSA-C.C. art. 155 that the retroactive effect of the separation judgment shall be without prejudice “to rights validly acquired in the interim” re *500 fers to rights acquired in the interim by third parties. Aime v. Hebert, 254 So.2d 299, 300 (La.App. 4th Cir.1971); Shel-Boze, Inc. v. Melton, 509 So.2d at 109. However, Certified was not prejudiced by the retroactive effect of the judgment of separation in this case, regardless of whether the debt was a separate or a community debt. Certified was put on notice that the Wards were separated and a divorce was forthcoming. When Certified was first contacted concerning installation of the system, Ms. Ward informed the representative that she was separated and that Mr. Ward was no longer residing at the same address. Certified then obtained only the signature of Mr. Ward and installed the system. Under these circumstances, Certified cannot now claim that it was prejudiced by the retroactive effect of the judgment of separation.
Certified also contends that it is entitled to judgment against Ms. Ward on a quantum meruit basis under an unjust enrichment theory. Because Certified raises this issue for the first time on appeal, we do not consider it.

Attorney Fees

In its answer to Mr. Ward’s appeal, Certified requests an additional $1000.00 in attorney fees to cover the costs of this appeal. According to Certified, Mr. Ward’s appeal seeking reversal of the judgment against him necessitated Certified filing both an answer to the appeal and a separate appeal seeking reversal of that portion of the judgment which dismissed Certified’s claim against Ms. Ward.
The contract for installation of the secur- ■ ity system provides for the payment of reasonable attorney fees in the event “Certified engages the services of an attorney in the collection of overdue accounts.” The trial court judgment awarded Certified $750.00 in attorney fees.
Certified is entitled to an increase in the award of attorney fees for the defense of its suit in this Court. Alliance Financial Services, Inc. v. Cummings, 526 So.2d 324, 329 (La.App. 4th Cir.1988), writ not considered 531 So.2d 465 (La.1988); Metropolis, Inc. v. Hanson, 434 So.2d 1207, 1210 (La.App. 1st Cir.1983); Century 21 Gateway Realty v. Pard, Inc., 490 So.2d 753, 756 (La.App. 3d Cir.1986). We feel that $500.00 is a reasonable fee for this appeal. Accordingly, we increase the award for attorney fees to $1250.00.
For the foregoing reasons, we affirm the judgment of the trial court except to amend and increase the award of attorney fees to $1250.00.
AFFIRMED AS AMENDED.

. Although the record is not clear as to the time between execution of the contract and installation, it appears that the system was installed by the end of January.

. LSA-C.C. art. 155 reads, in pertinent part:
A. The judgment of separation from bed and board carries with it the separation of goods and effects and is retroactive to the date on which the original petition was filed in the action in which the judgment is rendered, but such retroactive effect shall be without prejudice ... to rights validly acquired in the interim between commencement of the action and recordation of the judgment.

. Although Mr. Ward may be entitled to partial reimbursement from Ms. Ward when the community property is partitioned, that issue is not before us.