L CARAWAY, J.
Plaintiff sued for the balance owed on a loan. Defendant answered the suit admitting that the loan had not been repaid but asserting a set-off against the amount claimed by plaintiff. Defendant’s answer alleged that plaintiff owes for unpaid invoices for services rendered by the defendant. The plaintiff filed a motion for summary judgment based upon defendant’s admissions regarding the loan. The trial court granted the summary judgment and defendant appealed asserting that material fact issues remain regarding his affirmative defense of set-off. For the following reasons, we affirm the trial court’s ruling.

Facts

On April 8, 2002, Colton Sanders filed suit against Bobby Russell to recover an alleged $9,000 balance due on an $18,000 loan that had been made to Russell “on or about October 4, 2001.” Sanders alleged that despite demands on February 6, 12, and 26, 2002, and March 8, 2002, Russell had repaid only $9,000 of the loan. Ac- *221 eordingly, Sanders sought judgment against Russell for $9,000, together with legal interest from the alleged original demand date of February 6, 2002, along with all costs of Sanders’ action filed in Shreveport City Court.
Russell, unrepresented by counsel, filed a handwritten answer to Sanders’ petition along with copies of several invoices and a copy of a letter dated April 17,- 2002 from Russell to Sanders’ attorney. The answer, which was drafted by Russell’s wife, stated:
Formal demand wasn’t made until the lawyer’s letter and Bobby attempted to speak with Mr. Sanders w/no response. At |Rthis time Mr. Sanders owes Mr. Russell $9675.00. Mr. Sanders states he needs pmt. immediately after stating to Mr. Russell that there was no time limit. We have reason to believe that Mr. Sanders wants pmt. before we receive our payment that is due. As stated in the letter attached we haven’t received all moneys owed to us from past invoices. The moneys are close in amt. and should take care of each other, or the money owed to us should be exchanged at the exact same time to prevent any problems receiving ours. The letter attached explains more detail. Thank you.
Attached to the answer were five invoices, totaling $9,675 billed to Colton Sanders by “Bobby Russell Sheet Metal, LLC” (hereinafter the “LLC”). The dates on the invoices range from June 9, 2000, to February 1, 2002.
The April 17, 2002 letter from Russell to Sanders’ attorney stated that Sanders made the loan to Russell with the understanding that there would be no time restrictions for repayment. Instead, the loan was “a friendly loan to be paid back as I could.” Russell indicated in his letter that a request for the first $9,000 was made and the money was paid immediately. Russell reiterated his claim that Sanders owed him $9,675 for work done “on two carwashes as well as various other jobs that I’ve done for him.” In light of the closeness of the amounts each allegedly owed the other, Russell stated his willingness to “consider it even and resolved.” Russell’s April 17 letter also indicated that he had; previously received-a letter from Sanders’ attorney demanding payment of the loan.
On June 21, 2002, Sanders filed a motion for summary judgment pointing out that Russell’s answer admitted the loan was made as alleged and had not been repaid. Russell filed no opposition to. the motion for summary judgment. The minutes for August 7, 2002, indicate that the motion for summary judgment was called for argument on that date, and that 13counsel for Sanders was present along with Russell in proper person. There is no transcript of the hearing in the record. The summary judgment was granted, awarding Sanders $9,000, together with interest at the legal rate from February 6, 2002 until paid in full, and all costs of the action.
Following the judgment, Russell filed a timely motion for new trial. In his motion, Russell asserted that the LLC was not formed until February 11, 2002, after the alleged invoice indebtedness incurred by Sanders to Russell. Russell attached to his motion for new trial a copy of a certificate from the. Louisiana Secretary of State indicating that a copy of the Articles of Organization and Initial Report of the LLC was filed and recorded with the Secretary of State’s office on February 11, 2002.
The minutes of court for April 9, 2003, indicate that the motion for new trial was called up on that date with counsel present for both parties. The entire record- was offered into evidence, along with the eertif- *222 icate and Articles of Organization for the LLC. The minutes indicate that witnesses were present on behalf of plaintiff and defendant, that the motion was argued, but that the motion was denied. Again, the appellate record does not contain a copy of a transcript on the motion for new trial, but the appellate record does contain a written judgment signed on April 17, 2003, denying the motion for new trial. This appeal followed.

Discussion

Russell first argues that the trial court erred in granting the motion for summary judgment by relying solely upon the admissions and allegations contained in Russell’s answer to the suit. Sanders filed no evidence in Rsupport of his motion for summary judgment. Therefore, Russell insists that the judgment be viewed as a judgment on the pleadings pursuant to La. C.C.P. art. 965 which requires that “all allegations of fact in the adverse party’s pleadings shall be considered true.”
Russell’s unconventional answer filed in proper person clearly set forth the affirmative defense of set-off or extinguishment of the debt by compensation. La. C.C.P. art. 1005; La. C.C. art. 1893, et seq. The answer, therefore, did admit that Russell owed Sanders $9000 and that demand had been made by Sanders’ counsel through a letter mailed to Russell at some unidentified date prior to the suit.
The only additional assertion in Russell’s answer which bears upon his obligation to pay the $9000 was his statement that the parties had placed no “time restrictions” on the repayment of the debt. While they may now disagree regarding the time for repayment, Russell does not assert that they had fixed any term for repayment. The debt therefore must be treated as an obligation whose term for performance is uncertain. In such case, La. C.C. art. 1778 indicates that when the term for performance is undet-erminable and therefore uncertain, “the obligation must be performed within a reasonable time.” In response to the motion for summary judgment, Russell presented no additional evidence that Sanders had not given him a reasonable time period for repayment of the loan that had remained unpaid for six months before the filing of this suit. Therefore, upon Sanders’ request for performance in advance of filing suit, Russell was put in default in accordance with La. C.C. art. 1990.
| r,These “admissions on file” pertaining to the $9000 debt would, under La. C.C.P. art. 966(B), be sufficient to support summary judgment in favor of Sanders as well as a judgment on the pleadings. Russell nevertheless insists that the other allegations in his answer must be considered as true and that they show that Sanders owes Russell $9675. These allegations of the affirmative defense of set-off, according to Russell, establish genuine issues of material fact which show that the summary judgment/judgment on the pleadings was improper. We disagree.
Compensation or set-off was also at issue in Sims v. Hays, 521 So.2d 730 (La. App. 2d Cir.1988) where the court affirmed a summary judgment in favor of one of the parties who was the holder of a promissory note. The losing party claimed that summary judgment was improper because of her defense of compensation embodied in her pending cross-claim. This court rejected that argument and affirmed the summary judgment after the following review of the claim for compensation:
We agree that this case meets some of the criteria for compensation. There is a mutuality of obligors. Both debts are for a sum of money. C.C. art. 1893; 4 Aubry & Rau, Cours de droit civil fran-cais § 326 (6th ed.1965). However, in *223 one crucial respect, the instant case does not meet the criteria for compensation. The debts are not equally liquidated. The jurisprudence offers various explanations of a “liquidated” claim. A claim is liquidated when its correctness is admitted by the debtor. A claim is liquidated when the debt is for an amount capable of ascertainment by mere calculation in accordance with accepted legal standards. Aubry and Rau defíne a liquid debt as one whose existence is certain and its quantity determined. They elaborate:
A disputed debt is not liquid and .cannot be admitted as susceptible of compensation unless, the one who asserts compensation has in hand the proof of the existence of |fithe disputed debt and is thus in a position to prove it promptly.
Id. at 733 [citations omitted]. Accord, American Bank v. Saxena, 553 So.2d 836 (La.1989).
In this case, at the time of the submission of the motion for summary judgment, there was a lack of mutuality in the obli-gors based upon the invoices Russell filed as part of his answer. While the $9000 debt on the principal demand was between Sanders and Russell, the asserted affirmative defense listed invoices totaling $9675 owed by Sanders to the LLC. Moreover, Russell’s answer contains no documentary evidence that the invoices represented an undisputed debt. Those invoices represent a separate contract or contracts unrelated to the $18,000 loan. Sanders has not admitted that he owes for the invoices, and Russell presented no evidence in opposition to the motion for summary judgment indicating that the alleged $9675 indebtedness is a liquidated debt. Accordingly, the Sims ruling confirms that summary judgment on the admitted claim was appropriate and that Russell failed to establish that legal compensation has occurred.
For the same reasons, Russell’s second assignment of error regarding the trial court’s refusal to grant a new trial must be rejected. Russell’s untimely attempt through his motion for new trial to present opposition evidence to the motion for summary judgment was not a presentation of newly discovered evidence which could justify a grant for a new trial under La. C.C.P. art. 1972(2). Russell knew before the hearing on the motion for summary judgment that he personally, instead of the LLC, was the party |7owed the debts represented by the invoices. Nevertheless, even with the belated clarification of that matter, Russell never attempted to establish that the invoice indebtedness was undisputed and liquidated, so as to serve as an affirmative defense in the face of Sanders’ established claim for $9000. The trial court’s refusal therefore to reconsider its prior grant of summary judgment was correct • and the judgment is affirmed. Costs of appeal are assessed to appellant.
AFFIRMED.