J2WATKINS, Judge.
The State, through the Department of Social Services (Department), appeals a ruling of the district court which remanded this matter to the administrative appeal bureau for reconsideration and for the taking of additional evidence. We reverse.
FACTS
Independent Living Center, Inc. (ILC), is a private non-profit corporation which has had various contracts over a period of years with state agencies to provide services for disabled individuals. The State of Louisiana conducted six audits of various ILC programs and discovered a total of $269,177.00 in disallowable expenses.[1]
The Department sought to enforce the audits, and ILC filed three administrative appeals contesting the results of the audits. These appeals were consolidated for hearing. ILC also filed a petition for release and payment of funds with the appeals bureau, seeking recovery of funds from the Department pursuant to an alleged contract for a foster care program or, alternatively, seeking credit against any claim the Department may have against ILC. In response, the Department filed an exception of no right/cause of action which was denied. After several status conferences and continuances, an administrative hearing was held on November 10, 1988. During the hearing ILC amended its petition to request a setoff for monies which the Department owed to it under the foster care program. Later in the hearing ILC stipulated that it was only interested in a setoff of foster care monies allegedly owed to it by the Department against monies it owed the Department because of the disallowable expenditures discovered in the audits.
IsDuring the hearing, Mrs. Meunier, the director of ILC, testified that because of the Department’s delay in licensing ILC for foster care services, and the inadequate referrals to the foster care program, ILC was unable to continue funding the necessary -facilities and personnel for the foster care program without using funds from other programs. ILC also contested the accuracy of the disallowable expenses in the audits.[2]
The administrative law judge rendered an opinion in favor of the Department, *1204 finding that the audits were not contested and that there was “no proof or evidence to indicate that the audits were not properly-conducted and do not reflect the status of ILC during the pertinent times ...” The judge further stated that:
[T]he other issue involved here and that being whether or not the facility is entitled to a setoff or a claim as compensation the amounts which it expended as cost and expenses for the operation for the Foster Care Program prior to the time that this program was fully operational.
[[Image here]]
In view of all this testimony and all of the evidence, it is the conclusions [sic] of this Administrative Law Judge that the evidence submitted by ILC is speculative at best.... In the first place, as indicated herein, the evidence itself does not substantiate the claim made by the facility; in fact, if based upon that presented, I doubt that I would be able to render a decision but would require that further documentation be presented. However, in view of the legal authorities prohibiting the use of funds of one program to the other, the fact that many of these federal funds are restricted for use for the avowed purpose for which they are granted. It is the decision of this Administrative Law Judge that I do not have the authority to grant the setoff or compensation to the facility. I am hereby deciding that if in fact the facility is aggrieved by this judgment, it may apply for a rehearing setting forth the grounds therefore or, the facility may bring an action in the proper state forum to seek relief.
ILC filed a petition for review of the administrative judgment in the Nineteenth Judicial District Court and subsequently obtained an order staying the enforcement of the Uaudits. Thereafter, ILC filed a motion for leave to present additional evidence pursuant to LSA-R.S. 49:964. A show cause order was issued and at a hearing held on April 16, 1993, the district court remanded the case to the appeals bureau for the taking of additional evidence.[3] The Department applied for writs to this court alleging trial court error in remanding the case to the appeals bureau for the taking of additional evidence and further requesting that this court address the merits of the case.
The Administrative Procedure Act, LSA-R.S. 49:964 E., provides:
If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.
In its memorandum in support of its request for remand, ILC asks that it be allowed to submit additional evidence with regard to the expenses incurred for the foster care program and its entitlement to a setoff for those amounts, as well as the taking of additional evidence to substantiate its contention that the auditors erred in disallowing certain expenses in the Alternative to Institutionalism and Deaf/Blind Programs. ILC argues that it is entitled to the remand because the administrative judge stated in his reasons for judgment that more evidence was required to support ILC’s claim for a setoff. ILC further argues that it did not receive complete production of the documents it requested of the Department.
ILC’s opportunities to discover the necessary documents from the Department were explained by the administrative law kludge in the following portion of his decision:
I note in Mr. Lambert’s letter of September 8, 1988, he outlined the problems that the facility was having insofar as being able to defend itself in reference to the audits alleging that some of the audits had not been received; that the audits were *1205 not complete, and that the facility had not been provided with documentation needed. Along with that letter he filed into the record a motion for production, requesting certain documentation. He also filed a motion for continuance on the grounds that because of the failure of the State to supply the documentation and other reasons as set forth therein, his client could not be prepared. In response to the motion for continuance and his request for production by letter of September 19, 1988. the (sic) hearing is scheduled for September 22, 1988, was continued to October 18, 1988. Furthermore, in that letter all parties were requested to supply the other parties with documents and exhibits needed by either side to prepare themselves for the appeal in order for the appeal to be conducted. At the status conference held on October 13,1988, with all parties in attendance, the various issues were discussed. Each parties (sic) agreed to comply with the production of documentations request of the others. At the status conference held October 18, 1988, as evidenced by the letter of me to both parties, the appeal was set for November 10,1988, and furthermore at that status conference it was agreed by both parties that all documentation requested had been supplied to both parties. At the hearing on November 10, 1988, Mr. Lambert interjected an objection to some of the documentation being offered by the State and furthermore requested an additional production of documents for he felt that the State had not complied with his request. After discussion between counsel, Mr. Lambert was allowed to review documentation being offered at that time. And after he did have this opportunity, he was instructed by me that I would consider the State had fully complied with his request for production, unless he reurged this request at the completion of this hearing. Mr. Lambert did not reurge the request; therefore, it must be concluded that the State fully complied and that all the requested documentation were [sic] supplied to the appellant.
We believe that ILC was given ample opportunity to submit evidence at the administrative hearing. We further note that ILC’s memorandum in support of its motion to remand for additional evidence does not specify what evidence it plans to introduee'in this regard, nor why it was unable to introduce this evidence at the original hearing, nor the resulting prejudice from lack of such evidence. Furthermore, we find no reason to permit a remand for additional evidence with regard to the claimed setoff because the debt which ILC seeks to offset is not | fia liquidated debt as contemplated in LSA-C.C. art. 1893. ILC’s claim for monies owed under the foster care program is an unliquidated claim for damages based upon breach of contract and may not be off-set against a liquidated claim.
The appropriate circumstances for setoff are explained in American Bank v. Saxena, 553 So.2d 836, 844 (La.1989) as follows:
Set-off, or to use the codal term, compensation, takes place by operation of law when two persons owe to each other sums of money and these sums are liquidated and presently due. In such a case, compensation extinguishes both obligations to the extent of the lesser amount. C.C. 1893.
‘The two debts must be equally liquid. ... [A] liquid debt [is] one whose existence is certain and its quantity determined. A disputed debt is not liquid and cannot be admitted as susceptible of compensation unless the one who asserts compensation has in hand the proof of the existence of the disputed debt and is thus in a position to prove it promptly.’ 4 Aubry & Rau, Cours de Droit Civil Francais, s. 326 (6th ed. 1965).
A claim is liquidated when the debt is for an amount capable of ascertainment by mere calculation in accordance with accepted legal standards. Sims v. Hays, 521 So.2d 730, 733 (La.App. 2d Cir.1988). Thus, a determination as to the liquidity of a claim is an essential prerequisite to deciding whether such a claim is a proper basis for a plea of compensation. Lack of sufficient liquidity and demandability will preclude such a plea. Hartley v. Hartley, 349 So.2d 1258 (La.1977) (husband’s potential claim against community funds could not be used as compensation against wife’s claim for past due alimony).
*1206 Civil Code article 1893 must be read in conjunction with the rule providing that a party who asserts that an obligation is null, or that it has been modified „ or extinguished, must prove the facts or acts giving rise to the nullity, modification, or extinction. C.C. 1831. Under these rules, the burden of proof is placed on the proponent of the plea of compensation.
Because the two obligations are clearly not equally liquidated and presently due, ILC is not entitled under the law to setoff or compensation against the liquidated debt it owes to the Department.[4]
hThe judgment of the district court remanding this matter to the administrative appeal bureau for the taking of additional evidence is hereby reversed and this matter is remanded to the trial court for further proceedings in accordance with the views expressed herein.
WRIT GRANTED AND MADE PEREMPTORY.

. Disallowable expenses are those expenses which are not provided for under the terms of the contract. In the instant case the majority of the disallowable expenses were those used in programs other than the programs for which they were designated.

. Although the audits were introduced into evidence by stipulation of counsel, who agreed that the auditors would testify according to their reports, ILC did not stipulate to the accuracy of the audits.

. The record before us does not contain the transcript of this hearing; however, the minutes re-fleet that oral argument was had and the matter was submitted.

. Because of our decision on this issue, we pre-termit discussion of whether the appeals bureau within the Department has the authority to conduct a hearing regarding the setoff issue.