JEW

WRC *by* JEW

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

*******

**2020 CW 0962**

PERDIDO ENERGY LOUISIANA, LLC

VERSUS

ACADIA PARISH BOARD OF REVIEW; JAMES J. PETITJEAN, IN HIS CAPACITY AS ASSESSOR
FOR ACADIA PARISH; AND THE LOUISIANA TAX COMMISSION

*--CONSOLIDATED WITH--*

**2020 CW 0963**

PERDIDO ENERGY LOUISIANA, LLC

VERSUS

EVANGELINE PARISH BOARD OF REVIEW; DIRK DEVILLE, IN HIS CAPACITY AS ASSESSOR
FOR EVANGELINE PARISH; AND THE LOUISIANA TAX COMMISSION

*--CONSOLIDATED WITH--*

**2020 CW 0964**

PERDIDO ENERGY LOUISIANA, LLC

VERSUS

BEAUREGARD PARISH BOARD OF REVIEW; BRENT RUTHERFORD, IN HIS CAPACITY AS
ASSESSOR FOR BEAUREGARD PARISH; AND THE LOUISIANA TAX COMMISSION

*--CONSOLIDATED WITH--*

**2020 CW 0965**

PERDIDO ENERGY LOUISIANA, LLC

VERSUS

RAPIDES PARISH BOARD OF REVIEW; RICHARD I. DUCOTE, JR., IN HIS CAPACITY AS
ASSESSOR FOR RAPIDES PARISH; AND THE LOUISIANA TAX COMMISSION

*--CONSOLIDATED WITH--*

**2020 CW 0966**

PERDIDO ENERGY LOUISIANA, LLC

VERSUS

VERNON PARISH BOARD OF REVIEW; MICHAEL C. BEALER, IN HIS CAPACITY AS ASSESSOR
FOR VERNON PARISH; AND THE LOUISIANA TAX COMMISSION

JUDGMENT RENDERED: **MAR 3 0 2021**

*******

Appealed from the Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number 693,700 c/w 693,701 c/w 693,702 c/w 693,703 c/w 693,704 • Division 25

The Honorable Wilson E. Fields, Judge Presiding

*******

Brian A. Eddington
Baton Rouge, Louisiana

COUNSEL FOR APPELLANTS
DEFENDANTS—James J. Petitjean, Assessor for
Acadia Parish; Brent Rutherford, Assessor for
Beauregard Parish; Dirk Deville, Assessor for
Evangeline Parish; Richard Ducote, Assessor
for Rapides Parish; and Michael Bealer,
Assessor for Vernon Parish

Robert D. Hoffman, Jr.
Covington, Louisiana

COUNSEL FOR APPELLEE
DEFENDANT—Louisiana Tax Commission

Kyle P. Polozola
Lafayette, Louisiana
*and*
Phyllis D. Sims
Baton Rouge, Louisiana

COUNSEL FOR APPELLEE
PLAINTIFF—Perdido Energy Louisiana,
LLC

*******

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

Defendant tax assessors appeal a district court judgment that remanded these consolidated matters to the Louisiana Tax Commission to take additional evidence regarding obsolescence. For the following reasons, we convert these consolidated appeals to supervisory writ applications, grant the writ applications, reverse the district court's judgment remanding these matters to the Tax Commission, and remand to the district court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

This matter originated as a challenge to the correctness of assessments made by the defendant/appellant Assessors for Acadia, Beauregard, Evangeline, Rapides, and Vernon Parishes (hereinafter "Assessor defendants").

Perdido Energy, LLC ("Perdido") owns oil and gas wells and equipment subject to *ad valorem* taxation in Acadia, Beauregard, Evangeline, Rapides, and Vernon Parishes. Perdido purchased the property in 2017 from Indigo Minerals, LLC.[1] The Assessor defendants, in accord with Article VII, § 18 of the Louisiana Constitution, assessed Perdido's property located in their respective parishes for *ad valorem* tax purposes.

Following assessment, Perdido, given a disparity between the purchase price and the assessed value, filed protests with the parish governing authorities for the five referenced parishes, challenging the amount of the assessments. Each of the protests were denied, and Perdido appealed to the Tax Commission.

In its appeal to the Tax Commission, Perdido urged that the Assessor defendants failed to properly value and assess its oil/gas well, gathering pipelines, and equipment based on the sale and an appraisal by Perdido's expert, Joseph Calvanico. The five cases were consolidated for hearing before the Tax

---

[1] Perdido's property in the five parishes consists of 23.88 miles of pipelines and a total of 106 wells comprised of 47 active wells, eight injection wells, 48 shut-in wells, and three temporarily abandoned wells.

Commission, which was held on October 23, 2019. After taking the matters under advisement, the Tax Commission upheld the five assessments. In affirming the assessments, the Tax Commission indicated that Perdido produced insufficient information, evidence, and testimony to allow the Tax Commission to calculate the obsolescence based on the sale. [2]

Perdido sought judicial review from each of the rulings in the Nineteenth Judicial District Court. In each petition for judicial review, Perdido requested that the determinations of the Tax Commission be reversed, or, alternatively, that the matter be remanded to the Tax Commission "for reconsideration in accordance with directives to be issued by this Court ..., including, but not limited to, an order to give due weight and consideration to the facts, documentary evidence, and witness testimony presented by Perdido Energy, and an order excluding the expert testimony of [the Assessor defendants' expert witness] Rodney Kret [.]"

Each of the five judicial review appeals were consolidated for hearing. In its brief in support of its petition for judicial review, Perdido restated the prayer for relief set forth in its petitions, urging that the ruling of the Tax Commission be overturned, or, alternatively, that it be remanded with instruction that the Tax Commission give due weight and consideration to the facts, documentary evidence, and witness testimony presented by Perdido.

Perdido's judicial review was brought for hearing before the district court on May 18, 2020, wherein Perdido again requested that the district court remand the matter to the Tax Commission to "hear additional evidence on obsolescence." At the conclusion of the hearing, the district court granted Perdido's request.

On June 4, 2020, the district court signed a judgment memorializing its open court ruling. Notice was issued the next day, and the Assessor defendants filed a motion for appeal on June 11, 2020. On appeal, the Assessor defendants urge that

---

[2] While Perdido offered Mr. Calvanico's appraisal during the course of the Tax Commission proceedings, the Tax Commission found Mr. Calvanico's evaluation to be unreliable.

the district court erred in remanding the matter to the Tax Commission to take additional evidence.

## APPELLATE JURISDICTION

After the records were lodged with this court, this court issued a Show Cause Order on the basis that the June 4, 2020 judgment did not appear to be a final, appealable ruling.

Judicial review of the correctness of a tax assessment is authorized by La. R.S. 47:1998 and the extent of review is governed by the Administrative Procedures Act ("APA"). **Axiall, LLC v. Assumption Parish Board of Review**, 2018-0542, 2018-0543 (La. App. 1st Cir. 12/30/19), 302 So. 3d 1136, 1141, writ denied, 2020-00155 (La. 12/22/20), 307 So. 3d 202. Under La. R.S. 49:965 of the APA, an aggrieved party may obtain a review of any "final judgment" of the district court by appeal to the appropriate appellate court. **Axiall**, 302 So. 3d at 1142. The June 4, 2020 district court judgment at issue merely *remands* the matter "to the Louisiana Tax Commission for the purpose of taking additional evidence of obsolescence based upon the 2017 sale at issue in these consolidated matters[.]" The judgment at issue is interlocutory in nature insofar as it does not determine the underlying merits by resolving the dispute between the parties, in whole or in part. See La. C.C.P. art. 1841. Accordingly, the judgment is not a final judgment and because there is no express provision authorizing an appeal of the interlocutory ruling at issue, this court's appellate jurisdiction has not attached. See La. C.C.P. art. 2083. Cf. **In re Belle Co., L.L.C.**, 2000-0504 (La. App. 1st Cir. 6/27/01), 809 So. 2d 225, 234 and **Metcalfe & Sons Investments, Inc. v. State ex. rel. Dept. of Natural Resources**, 2010-2120 (La. App. 1st Cir. 12/14/11), 2011 WL 6288044 at *1 (unpublished), writ denied, 2012-0143 (La. 3/23/12), 85 So. 3d 94 (wherein appellate jurisdiction attached to judgments that *reversed and remanded* to agencies for the taking of additional evidence).

4

Even so, this court has discretion to convert appeals of non-appealable judgments to applications for supervisory writs. See **Stelluto v. Stelluto**, 2005-0074 (La. 6/29/05), 914 So. 2d 34, 39 ("[T]he decision to convert an appeal to an application for supervisory writs is within the discretion of the appellate courts."). In the interest of judicial efficiency and considering that the consolidated appeals were filed within the delays for taking supervisory writ applications, we elect to exercise our supervisory jurisdiction and to convert these consolidated appeals to supervisory writ applications bearing numbers 2020 CW 0962 c/w 2020 CW 0963 c/w 2020 CW 0964 c/w 2020 CW 0956 c/w 2020 CW 0966. See **Independent Living Center, Inc. v. State, Dept. of Social Services**, 93-0776 (La. App. 1st Cir. 6/24/94), 638 So. 2d 1202 (wherein this court considered a district court's remand to an agency for the taking of additional evidence under its supervisory jurisdiction).

**DISCUSSION**

The APA addresses the procedure for the presentation of additional evidence in a judicial review proceeding at La. R.S. 49:964(E), which provides:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence, and it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

Where a party seeks to have additional evidence reviewed, remand is necessary to allow the administrative agency an opportunity to consider such evidence if the district court is satisfied that the additional evidence is material and that there was good cause for failure to present it in the proceedings before the agency. **In re Belle Co., L.L.C.**, 809 So. 2d at 237.

5

Perdido maintains that there is a need to remand this matter to the Tax Commission "for consideration of additional evidence [on the issue of obsolescence] that was impossible to present at the initial hearing as the issue did not come to light until after the [Tax Commission] issued its ruling." Perdido seeks "an opportunity [to] provide more information and further explanation" in support of its obsolescence claim, asserting that the purchase price paid for a going concern should be treated as the fair market value of its wells.

However, Perdido has not indicated what specific additional evidence it seeks to introduce nor has it shown good cause as to why it failed to previously present the evidence during the course of the Tax Commission proceedings. Perdido was provided a full opportunity to present its case before the Tax Commission and the administrative record compiled at the Tax Commission is 1,841 pages in length and contains extensive information and explanation regarding Perdido's request for a reduction in value for obsolescence based upon the sale price. Moreover, Perdido does not assert that the Tax Commission precluded it from presenting any evidence it sought to introduce regarding obsolescence. See **Independent Living Center, Inc.**, 638 So. 2d at 1205 (wherein this court reversed a district court's remand to an agency to take additional evidence given:  1) that an auditee "was given ample opportunity to submit evidence at the administrative hearing," 2) the auditee "does not specify what evidence it plans to introduce," and 3) the auditee failed to show "why it was unable to introduce this evidence at the original hearing").

## CONCLUSION

Considering the foregoing, we conclude that the district court erred in remanding this matter to the Louisiana Tax Commission to allow Perdido Energy Louisiana, LLC to present additional evidence. Accordingly, we convert the instant consolidated appeals to supervisory writ applications, grant the writ

6

applications, reverse the district court's June 4, 2020 judgment remanding these consolidated matters to the Louisiana Tax Commission to take additional evidence, and remand these matters to the district court for further proceedings. We issue this memorandum opinion in compliance with Uniform Rules of Louisiana Courts of Appeal, Rule 2—16.1(B). Costs are assessed to the appellee, Perdido Energy Louisiana, LLC.

**CONSOLIDATED APPEALS CONVERTED TO SUPERVISORY WRIT APPLICATIONS; WRITS GRANTED; JUDGMENT REVERSED; REMANDED.**